Ralph K. Gee v. Commissioner. Estate of Ralph Turner, Deceased, Samuel R. Turner, Administrator v. Commissioner.
Ralph K. Gee v. Commissioner
Docket Nos. 21804, 21888.
United States Tax Court
1950 Tax Ct. Memo LEXIS 36; 9 T.C.M. (CCH) 1092; T.C.M. (RIA) 50293; November 24, 1950
*36 Claude L. Gray, Esq., P.O. Box 433, Orlando, Fla., for the petitioners. Percy C. Young, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: Respondent determined deficiencies in income tax as follows: 25%
Docket No.
Petitioner
Taxable Period
Deficiency
Penalty
21804
Ralph K. Gee
Calendar year 1943
$ 682.74
Period Jan. 1,
1944, to Nov. 30, 1944
7,265.60
21888
Estate of
Ralph Turner,
Fiscal year ended
April 30, 1944
260.09
Deceased
Period May 1, 1944,
to Nov. 30, 1944
6,368.63
$65.02
Petitioners assail that portion of the deficiencies which result from attributing to them all of the net income of an enterprise instead of 25 per cent each as they reported. The sole issue turns upon the distribution of partnership income between husbands and wives. Certain adjustments are not contested. Some of the facts were stipulated. Findings of Fact The stipulated facts are hereby found accordingly. Petitioner Ralph K. Gee and Ralph Turner, deceased, filed their individual income tax returns for the periods involved with the collector of internal revenue for *37 the district of Florida. Ralph Turner, deceased, hereinafter called Turner, and his wife Odessa Turner, hereinafter called Mrs. Turner, were residents of Orlando, Florida. During a period from some time prior to 1935 until December 1, 1938, Turner was engaged in the meat distributing business. In 1935 they acquired, in their joint names, property located at 802 Lake Davis Drive in Orlando, which they mortgaged in the same year in order to borrow $4,300. They used the money for the construction of a house upon the property, which subsequently they made their home. The house contained one room which was used as an office for the business. In 1938 they acquired property in Palm Beach in their joint names which Mrs. Turner managed, and upon its subsequent sale the proceeds were used to purchase a truck for the meat business. In October, 1938 petitioner Ralph K. Gee, hereinafter called Gee, and his wife Ruth D. Gee, hereinafter called Mrs. Gee, moved to Orlando from Pittsburgh, Pennsylvania, and they resided with their friends, the Turners, in the latter's home for about six or eight months. On December 1, 1938, a partnership was formed under the name of Turner & Gee, hereinafter *38 called T & G, to conduct a meat distributing business. The assets of the Turner business, worth approximately several hundred dollars, were contributed to the partnership which assumed liabilities of about an equal amount owed by the Turner business. T & G borrowed $4,000 from Maude D. Atchison, Mrs. Gee's mother, receiving a check made out to the order of T & G, which was endorsed for T & G by Gee. That debt was repaid by a partnership check, dated February 26, 1945, signed for T & G by Gee and Turner. On December 3, 1938, T & G opened an account at the Citizens State Bank of St. Cloud, Florida, depositing $4,355.05, and Turner, Gee, Mrs. Gee, and Mrs. Turner signed the signature card authorizing withdrawals. At the same time T & G leased space from the Atlantic Ice Company at 250 Boone Street, Orlando, where refrigeration was available, and where they made use of a small office. They continued to lease space in that building until February 1945 when they moved into new quarters. In addition T & G made some use of the office located in the Turner home. The business operated without formal articles of partnership. No additional capital was subsequently contributed. Profits were *39 allowed to accumulate except for a drawing account allowed to each family of $75 per week. Prior to December 1, 1943, the books of T & G showed Turner and Gee to be the sole partners. Turner devoted his time principally to purchasing, while Gee was largely responsible for sales. Mrs. Gee devoted her full time to the business as office manager. Her work included keeping the books, accepting telephone orders, receiving merchandise, and sending out truck shipments. Fifteen checks of varying dates between July 13, 1940, and July 27, 1940, and a check dated January 13, 1941, all drawn upon the Citizens State Bank of St. Cloud, Florida, and signed for T & G by Mrs. Gee and Turner, were issued in the regular course of the business of T & G. Mrs. Turner kept house and prepared meals at odd hours for Turner, Gee and Mrs. Gee. She rendered assistance in office work such as the reception of telephone orders and mailing of statements. All four participated in concluding the bookkeeping work for the week on Saturday evenings, and in making trips on Sunday to examine cattle and consummate cattle deals. All four participated in business discussions and decisions. Neither Mrs. Gee nor Mrs. *40 Turner was ever paid a salary by T & G. Neither Mrs. Gee nor Mrs. Turner filed Federal income tax returns for any taxable year beginning prior to December 1, 1943. The application of the partnership of T & G for an employer's identification number under the Social Security Act, on Treasury Department Form SS-4, dated April 28, 1939, shows the names of the employers as Ralph K. Gee and Ralph Turner, trading as T & G. 250 Boone Street, Orlando, Florida. An employer's identification number was assigned to Ralph K. Gee and Ralph Turner, trading as T & G, and all employer's tax returns filed under the Federal Insurance Contributions Act by T & G from January 1, 1943, through November 30, 1944, show the same identification number. On May 11, 1942, T & G received a loan of $950 from Maude D. Atchison, and on the same date the latter received a mortgage indenture and a note for $950 bearing six per cent interest per annum. The indenture described the mortgagors as "Ralph Turner and Ralph K. Gee, trading and doing business as Turner and Gee, a co-partnership and their respective wives." Both instruments were signed by Gee as "Partner" on behalf of "RALPH TURNER and RALPH K. GEE, trading *41 and doing business as TURNER & GEE, a co-partnership", and were also signed by Turner, "Individually," by Mrs. Turner, by Gee, "Individually," and by Mrs. Gee. On April 19, 1943, T & G opened an account in the Florida Bank At Orlando. The signature card was signed by Turner, Gee, Mrs. Gee, and Mrs. Turner, and two signatures were required for withdrawals. At various times, all four signed checks withdrawing funds from the account, and executed promissory notes on behalf of the firm. The Florida Bank At Orlando dealt with all of them as members of the partnership. T & G also maintained a safe deposit vault in that bank to which Turner, Gee, Mrs. Gee, and Mrs. Turner had access, and in which, they kept personal, as well as partnership property. A "Deed And Bill of Sale" dated November 30, 1943, executed by Turner and Gee, stated that they were doing business under the name of T & G, that each owned an undivided one-half interest in that firm, and that they transferred to Mrs. Turner and Mrs. Gee, an undivided one-fourth interest each, to all of the assets of the firm. On December 1, 1943, an instrument entitled "Partnership Agreement" was executed by Turner, Gee, Mrs. Turner and *42 Mrs. Gee, and by Turner and Gee on behalf of T & C, which provided, among other matters, that the individuals agreed to become equal partners in the business of wholesale slaughtering and sale of meat under the firm name of T & G; that the business should be carried on at the same premises on which it "is now being carried on by the said Ralph Turner and the said Ralph K. Gee"; that in the event of dispute in connection with management, differences should be referred to indifferent persons, one to be chosen by Turner and Mrs. Turner, another to be chosen by Gee and Mrs. Gee, and a third to be chosen by the two persons so named; that Turner and Gee "so long as they shall be alive shall pass upon and together decide all questions as to policies and general details in their executive capacities as heads of said business and shall as such act as an executive committee in all the details of the management and conduct of said business and no partner shall knowingly do any act in relation thereto contrary to the decisions and policies so established and determined"; that upon dissolution by reason of death or otherwise, the remaining partners might, if desired, continue the business and they *43 should have the right to purchase the interest of the retiring partner; that should Turner or Gee die before the agreed partnership term of twenty-five years, the surviving partners should, for one year, operate the business before terminating it. Turner and Gee each filed a gift tax return reporting a gift of one-half of an undivided one-half interest in the net assets of the wholesale meat business known as T & G. Each of the gift tax returns was executed and filed with the collector of internal revenue on February 15, 1945. Subsequent to December 1, 1943, Turner, Gee, Mrs. Turner, and Mrs. Gee continued to render the same services to T & G, and all four participated in business discussions and decisions. The partnership returns of T & G for the fiscal years ending November 30, 1942, and November 30, 1943, which were executed and filed by Gee, reported Turner and Gee to be the sole partners. The individual income tax returns of Turner, Gee, Mrs. Turner, and Mrs. Gee, for the taxable period ending November 30, 1944, each reported the amount of $12,344.73 as income from the partnership of T & G. The books of account of T & G, after December 1, 1943, show Turner, Gee, Mrs. Turner *44 and Mrs. Gee to be partners. The books and records of T & G show that, from January 1, 1943, through November 30, 1945, Mrs. Gee, with the exception of withdrawals in the amounts of $29.49 and $2.50, made no withdrawals except for the payment of Federal income taxes, and Mrs. Turner, with the exception of withdrawals in the amounts of $29.50 and $2.50, made no withdrawals except for the purposes of paying her Federal income taxes. Neither Mrs. Gee nor Mrs. Turner had an individual bank account in any bank during the period from January 1, 1943, to December 1, 1945. The drawing accounts on the T & G ledger show that during the period from December 1, 1943, to November 30, 1944, Turner drew a total of $10,177.66, including $4,702.48 for income taxes, while Gee drew a total of $9,131.72, including $4,002.11 for income taxes. Additional profits were left to accumulate with the ultimate purpose of purchasing a building for the business. Gee's weekly drawings from the business were used by Gee and Mrs. Gee for their living expenses. A deed, dated October 11, 1944, filed in Orange County, Florida, conveyed Lots 48, 49, 50 and 51 in the Tavares-Orlando and Atlantic Railway Addition to *45 Orlando, Florida, from F. A. Mundis, and his wife, and W. H. Ingram, and his wife, to "Ralph K. Gee and Ruth D. Gee, his wife, and Ralph Turner and Odessa Turner, his wife, a co-partnership trading and doing business under the firm name and style of 'Turner & Gee'." Gee, Mrs. Gee, Turner and Mrs. Turner executed to the above grantors a mortgage indenture and a promissory note for $6,375 bearing 4 per cent annual interest, each dated October 11, 1944. A check of the same date to the order of W. H. Ingram in the amount of $6,173.60, drawn upon the Florida Bank At Orlando and signed by Gee and Turner for T & G, was delivered to Ingram in part payment of the purchase price. The property included a building. In February 1945, T & G occupied the property, and thereafter the business was conducted from those premises. A portion of the premises was leased to tenants, and the rentals were included in the income of T & G. A "Satisfaction of Mortgage," dated June 4, 1945, signed by F. A. Mundis and his wife, and W. H. Ingram and his wife, acknowledged satisfaction of the mortgage upon that property "given by Ralph K. Gee and Ruth D. Gee, his wife, and Ralph Turner and Odessa Turner, his wife. *46 " A check given in satisfaction of the mortgage, dated June 6, 1945, made out to the order of W. H. Ingram and F. A. Mundis, in the amount of $6,537.82, drawn upon the Florida Bank At Orlando, was signed for T & G by Gee and Turner. On January 31, 1945, T & G borrowed $2,500 from Gee and $2,500 from Turner. Turner and Gee each received a promissory note, dated February 9, 1945, signed by Gee, Mrs. Gee, Turner, and Mrs. Turner. On July 10, 1946, Ralph Turner died intestate, and Samuel R. Turner is the duly qualified and acting administrator of the estate. In November, 1946, pursuant to an order of the Probate Court, the interests in T. & G of the deceased and of Mrs. Turner were conveyed to Gee and Mrs. Gee in exchange for consideration paid. Petitioner Gee and petitioner estate's decedent actually intended to and did join together to conduct business in partnership with their wives during the period in controversy. Opinion Our ultimate finding of fact that the four individuals intended to and did conduct business in partnership is dispositive of the proceeding. It is based upon a consideration of a combination of all of the circumstances held to be relevant for consideration *47 in such proceedings as this. . Decision will be entered under Rule 50.